The President:
This is not the case of setting up a will by proving ii before a jury. In this case, the will was regularly proved in the Court of probate, as appears by the record, and afterwards destroyed by the enemy; as was also, the book In which it was recorded. The only question is, whether its loss can be supplied by parol proof of its contents before a jury. The rule is, that the best evidence that the nature of the ease will admit of, is to be received. On this principle, I think the evidence was admissible. Though parol proof of the contents of aninstrument must be generally very defective, (it being seldom possible, after a lapse of time, that the witness can recollect the precise expressions in it, or their collocation, on which its meaning often depends;) yet in aid of a long and continued possession in the defendants, and those under whom they claim, such testimony may be resorted to. It is the best evidence the nature of ihe case will admit of. The provision in the 3d section of the act for the relief of persons who may be injured by ?he destruction of records, might have been resorted to, but the remedy in that provision is only cumulative, and does not deprive the party of any pre-existing remedy, by changing the rules of evidence at the common law. I hm.!,:, therefore, that the judgment ought to be affirmed.*
Judgment affirmed.

 Judges Carr, and Green, absent.